IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SAMMY R. GUNN AND RONDA Y. GUNN                               PLAINTIFFS

v.                                          CIVIL ACTION NO. 2:15-CV-9-KS-MTP

BIG DOG TREESTANDS, INC. TREESTAND
MANUFACTURER'S ASSOCIATION,
MARVIN'S, INC. AND JOHN DOES 1-5                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matters is before the Court on Plaintiffs Sammy and Ronda Gunn's ("Plaintiffs") Motion to Remand [8] and Defendant Treestand Manufacturer's Association's ("TMA") Joinder and Motion for Dismissal With Prejudice ("Motion to Dismiss") [20].  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that Plaintiffs' Motion to Remand [8] should be denied and TMA's Motion to Dismiss [8] should be granted.

I.  BACKGROUND

Plaintiff Sammy Gunn ("Gunn") purchased a Mastiff treestand ("Mastiff") and accompanying full-body fall arrest harness system ("Harness") (collectively "the System"), both manufactured by Big Dog Treestand, Inc. ("Big Dog"), from a store in Lauderdale County, Mississippi, operated by Marvin's, Inc. ("Marvin's").  TMA is a voluntary non-profit trade association which promotes treestand safety and facilitates industry standards.  TMA allowed the use of its logo on the System's packaging after determining that it met TMA's safety standards.  On October 12, 2012, while using the Harness to remove the Mastiff from the tree on which it was installed, the Harness failed, causing Gunn to be injured.

Plaintiffs filed their Complaint in the Circuit Court of Jasper County, Mississippi, on November 26, 2014, naming as defendants Big Dog, TMA, Marvin's, and John Does 1-5

(collectively "Defendants"). Of the Defendants, only TMA has its domicile in Mississippi, and its presents destroys complete diversity of the parties. On February 3, 1015, Big Dog removed the action to federal court pursuant to 28 U.S.C. § 1446(b), claiming TMA was fraudulently joined to defeat diversity. Plaintiffs then filed the current Motion to Remand [8] on March 4, 2015. TMA joined Big Dog in opposition to this motion and filed its Motion to Dismiss [20].

## II. DISCUSSION

### A.     Standard of Review

There is a heavy burden of persuasion placed on a removing party who alleges fraudulent joinder. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981). To meet its burden, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* (citations omitted). The Court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

"The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Any uncertainties in the substantive law must be resolved in favor of the plaintiff. *B., Inc.*, 663 F.2d at 549. "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. The Fifth Circuit has cautioned against piercing the pleading and conducting even a summary inquiry into facts that are not discrete and undisputed, as moving beyond this "carries a heavy risk of moving the court beyond jurisdiction and into resolution of

the merits." *Id.* at 573-74.  The district court does, though, have discretion to pierce the pleadings in rare cases where "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* at 573.

Plaintiffs assert three main causes of action against TMA: negligence, breach of warranty, and strict liability.[1]  If there is a possibility that Plaintiffs could survive a 12(b)(6) challenge on any one of these causes of action, then TMA has not been improperly joined.

Under a Rule 12(b)(6) analysis, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not

---

[1] Plaintiffs also assert a claim on behalf of Mrs. Gunn for mental and emotional distress and loss of consortium.  As this claim is premised on Defendants' liability under the other claims presented, the Court need not consider it in deciding this motion.

required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

    **B.**    **Negligence Claim**

Defendants make two arguments against the plausibility of Plaintiffs' negligence claim against TMA. First, they argue that TMA has no legal duty to the Plaintiffs because Mississippi does not recognize any cause of action against a voluntary non-profit trade association like TMA. Though the majority rule cited by Defendants is that there is no cause of action against non-profit trade associations, Plaintiffs are correct in their argument that there are some courts that have found such associations to be liable under negligence theories. *See, e.g., Rountree v. Ching Feng Blinds Indus. Co., Ltd.*, 560 F.Supp.2d 804 (D. Alaska 2008). However, no Mississippi court has ever been faced with this issue and decisively ruled on it.

Plaintiffs argue that in *Lawson v. Honeywell International, Inc.*, the Mississippi Supreme Court's allowance of a common-law negligence suit to go forward against a nonmanufacturing designer means that the court would allow negligence suits against those entities not covered by the Mississippi Products Liability Act (MPLA). 75 So.3d 1024, 1029 (Miss. 2011). Plaintiffs contend this signals the court's willingness to allow negligence suits against non-profit trade associations in connection with damages caused by products they've certified. The *Lawson* Court held that the MPLA only "addresses what plaintiffs must prove to hold 'manufacturers' and 'sellers' liable for damages caused by a product" and does not preclude negligence suits against designers in connection with those products. *Id.* However, the MPLA was amended in 2014, after the decision in *Lawson*, to apply to "any action for damages caused by a product, *including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty*" and details the requirements to find "[t]he manufacturer, *designer*

or seller" liable in such actions. MS LEGIS 383 (2014), 2014 Miss. Laws Ch. 383 (H.B. 680) (amended text emphasized). This amendment, in light of the decision in *Lawson*, seems to signal the Mississippi legislature's intent for all claims brought for damage caused by a product to be analyzed under the MPLA, which would mean Plaintiffs' negligence claim is not legally cognizable because it fails to meet any of the MPLA requirements for liability. However, the Court declines to decide how a Mississippi court *might* rule, and even if the claim does have a legal basis, Defendants are correct in that Plaintiffs have not pleaded enough factual allegations to have properly joined TMA.

Defendants contend that Plaintiffs have not adequately pleaded causation in their negligence suit against TMA. It is well established that causation is an essential element of a negligence claim. *See Weathersby Chevrolet Co., Inc. v. Redd Pest Control Co., Inc.*, 778 So.2d 130, 133 (Miss. 2001). Under a Rule 12(b)(6)-type analysis, this element must be pleaded with sufficient factual allegations to make it plausible that TMA's actions caused Plaintiffs' injuries. *See Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). In their Complaint [1-2], Plaintiffs state in a conclusory fashion that their injuries were caused by TMA's misrepresentation that the System met TMA's standards, failure to properly inspect and test the System, and failure to warn. (*See* Complaint [1-2] at p. 6.) Plaintiffs do not, however, allege any facts demonstrating that the misrepresentations and failure to inspect and test actually caused them to be injured by the System. Because TMA is not a provider of the products which caused Plaintiffs' injuries and are not in the stream of commerce, Plaintiffs must have pleaded specific factual allegations that show that TMA's actions were an actual and proximate cause of their injuries. There is no allegation in the Complaint [1-2] that the products would not have been on the market absent TMA's certification, nor are there any facts pleaded

that would demonstrate that Plaintiffs would not have bought the product absent TMA's logo on the packaging.  As for their failure to warn claim, Plaintiffs allege no facts demonstrating that TMA had a duty to warn them or that TMA even knew of potential defects in the System that merited a warning.  Plaintiffs, then, have failed to sufficiently plead causation in their Complaint [1-2], and this claim would not be able to withstand a 12(b)(6) analysis.

Therefore, even if Plaintiffs pleaded a sufficient enough legal theory under which TMA could possibly be held liable for negligence under Mississippi law, which the Court finds it need not decide, they have not pleaded enough factual allegations for such liability to be found in this case.  Therefore, Plaintiffs have failed to plead a negligence claim that has a possibility of succeeding in state court and remand is not appropriate on the basis of this claim.

### C. Breach of Warranty

Plaintiffs allege that TMA breached their express warranties and implied warranties of fitness and merchantability.  Under Mississippi law, an action for breach an implied warranty of fitness for a particular purpose can only be brought against the seller of a particular product.  *See* Miss. Code Ann. § 75-2-315.  Furthermore, a claim for breach of an implied warranty of merchantability can only be brought against a merchant-seller.  *See* Miss. Code Ann. § 75-2-314.  As TMA is neither a seller nor a merchant, these actions cannot be brought against it.

As for Plaintiffs breach of express warranty claim against TMA, even if TMA can be held liable for breach of an express warranty as a nonseller and a nonmanufacturer, Plaintiffs have pointed to no express language by TMA that created such a warranty.  Therefore, this claim has no factual basis.

Because no breach of warranty claim can be brought against TMA which would have a possibility of success in state court, this claim cannot be a basis for remand.

### D. Strict Liability

Plaintiffs strict liability claim is based on the MPLA, codified at § 11-1-63 of the Mississippi Code. The MPLA, however, applies only to manufacturers, sellers, and designers of products. *See* Miss. Code Ann. § 11-1-63. As TMA is not a manufacturer, seller, or designer of the System, it cannot be held strictly liable for it under the MPLA. This claim, then, has no possibility of success in a Mississippi court. Remand on this claim, then, will be denied.

Because Plaintiffs' have not stated any claim against TMA which would entitle them to relief, there is no theory presented in their Complaint [1-2] on which they could possibly succeed in state court. Therefore, the Court finds that TMA was improperly joined to defeat diversity in this suit and **denies** Plaintiffs' Motion to Remand [8].

### E. TMA's Motion to Dismiss [20]

Because the Court finds that Plaintiffs have improperly joined Defendant TMA and have failed to state a claim against it on which relief can be granted, the Court **grants** TMA's Motion to Dismiss [20] and TMA shall be **dismissed** with prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand [8] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that TMA's Motion to Dismiss [20] is **granted** and TMA is **dismissed with prejudice.**

SO ORDERED AND ADJUDGED this the 21st day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE